FILED
SUPERIOR COURT
OF GUAM

2019 JUN 28 AM 9: 55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM,<br><br>vs.<br><br>BERNARD HENRY KAPILEO CHARLEY JR.,<br><br>Defendant. | CRIMINAL CASE NO. CF0316-19<br><br>DECISION AND ORDER |
|---|---|

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 11, 2019 and June 17, 2019, for hearing on Defendant Bernard Henry Kapileo Charley Jr.'s ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or Unsecured Bond with Proposed Third-Party Custodians ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Matthew Phelps was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on June 17, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On June 11, 2019, Defendant was indicted with the following charges: (1) Home Invasion (As a First Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony),

with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Family Violence (As a Third Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Resisting Arrest (As a Misdemeanor). These charges stem from allegations that after being told to leave, Defendant broke into his girlfriend's mother's residence through the living room window, went to the kitchen and grabbed a knife, and threatened to stab his girlfriend while she was backed up against the wall. (Decl. of Leonardo M. Rapadas, Magistrate's Compl., Jun. 3, 2019). After being told the police were coming, Defendant left in his vehicle. *Id.* When he was later located by GPD officers, Defendant did not comply with multiple commands to place his hands behind him and attempted to walk away from the officers. *Id.* The officers had to struggle and use appropriate force to restrain Defendant. *Id.*

On June 10, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, June 3, 2019. No written opposition was filed, but the Government orally opposed the Motion.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 10, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i) length of his/her residence on Guam;

(ii)    his/her employment status and history, and financial condition;

(iii)    his/her family ties and relationships;

(iv)    his/her reputation, character and mental and physical condition;

(v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community.

"Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a thirty-two year old lifelong resident of Guam and a U.S. citizen with social and familial ties to the island; has a full-time job at Pacific Rim; has little criminal history and no physical harm was caused to the alleged victim. *See* Mot. Bail Redetermination at 4. Although Defendant also seeks release into the custody of court-approved third party custodians in the alternative, no individuals have gone to Probation to apply as TPCs.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Defendant is charged with three third degree felony offenses, all with an attached special allegation of possession or use of a deadly weapon in the commission of a felony. Defendant is accused of breaking into the alleged victim's mother's residence after being told to leave and threatening the alleged victim with a knife. *See* Decl. of Leonardo M. Rapadas, Magistrate's Compl., Jun. 3, 2019. Defendant is also accused of failing to comply with multiple commands from police officers resulting in the charge of Resisting Arrest (As a Misdemeanor). The Court finds that while there may not have been physical injuries alleged, the allegations in total are very tremendous.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

//

//

//

//

//

*People v. Charley*
Case No. CF0316-19
Decision and Order

# CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties are to return for Further Proceedings on July 2, 2019 at 10:00 a.m.

IT IS SO ORDERED, *nunc pro tunc* to June 17, 2019, this ___June 28, 2019___.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG, PDSL

Date 6/28/19 Time 10:15 am

Deputy Clerk, Superior Court of Guam

*People v. Charley*
Case No. CF0316-19
Decision and Order